# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA A. PRESCOTT,

    Petitioner,

  v.                                 Case No. 14-CV-188

MICHAEL MEISNER,

    Respondent.

## RULE 4 ORDER

Petitioner Joshua Prescott, who is currently incarcerated at the Columbia Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Because Prescott has paid the statutory five (5) dollar filing fee, the petition is ready to be screened pursuant to Rule 4 of the Rules governing Section 2254 cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Prescott states that he was convicted by a jury of two charges: (1) first-degree reckless injury by use of a dangerous weapon; and (2) possession of a firearm by a felon. Prescott was sentenced to nineteen (19) years on the reckless injury charge, consisting of fifteen (15) years confinement and four (4) years extended supervision. Additionally, Prescott was sentenced to five

(5) years on the felon in possession charge (to be served concurrently with the reckless injury sentence), comprised of three (3) years confinement and two (2) years extended supervision. Prescott challenges his conviction and the denial of his post-conviction motion for relief on the grounds of ineffective assistance of counsel.

A plaintiff must fully exhausted his state remedies before a petition for a writ of habeas corpus can be considered by a federal court. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). The exhaustion requirement may be met by either: (a) providing the highest court in the state a fair opportunity to consider the constitutional issues; or (b) having no further available means for pursuing a review of one's conviction in a state court. *Id.* Prescott states each of these claims has been fully exhausted in state court. In this case, a Court of Appeals Decision for the State of Wisconsin and an Order from the Clerk for the Supreme Court of Wisconsin, both present in Docket #1-1, and both denying the post-conviction motion, show that Prescott has exhausted his state court remedies. Therefore, the Court is satisfied that the Petitioner has fully exhausted his state remedies. Next, the Court will screen the petition for a cognizable federal or constitutional claim.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668, 684-685 (1984). In this case, the petitioner alleges three ineffective assistance of counsel claims. Upon review of the petition, the Court is satisfied that the grounds stated by the petitioner in his petition translate, at least colorably, into a violation of the petitioner's rights under the United States Constitution.

Therefore, the Court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate because it does not plainly appear from "the face of the

petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Prescott's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

- 3 -

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2014.

BY THE COURT

 s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
